IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-03010 (PKC) |
| *This Document Relates To:* | |
| IN RE: GOOGLE DIGITAL PUBLISHER ANTITRUST LITIGATION | No. 21-CV-07034 (PKC) |
| *and* | |
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-CV-07001 (PKC) |

**NON-PARTY OPENX'S MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT'S MOTION TO SEAL</u>**

Pursuant to Rule 5 of this Court's Individual Practices and Paragraph 21 of the Modified Confidentiality Order (ECF No. 685) non-party OpenX Technologies, Inc. ("OpenX") respectfully submits this memorandum in support of the June 16, 2025 Motion to Seal filed by Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Google") (ECF No. 1017). OpenX requests that the Court grant Defendants' Motion with respect to certain information that contains OpenX's trade secrets and other competitively sensitive business information. The information OpenX seeks to keep under seal was provided by OpenX to the parties pursuant to the Protective Order in this case and designated Highly Confidential. OpenX requests that this information remain under seal because OpenX believes it would suffer substantial economic harm if the information were disclosed to the public

1

## LEGAL STANDARD

Courts must balance "the weight of the presumption" of public access against any "countervailing factors" when considering requests to seal or redact "judicial documents." *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-120 (2d Cir. 2006). Countervailing factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1051 (2d Cir. 1995). When considering a Motion to Seal, the "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo II*, 71 F.3d at 1050 (Citation omitted). In this Action, this Court has previously recognized that the "right of access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." ECF No. 147 at 3–4 (*quoting Lugosch*, 435 F.3d at 121).

Sealing is warranted to ensure "the protection of competitively sensitive business information." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-CV-11386 (VSB) (KHP), 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023) (citing *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). Competitively sensitive business information warrants sealing because "[c]ommercial competitors seeking an advantage over rivals" might abuse the public disclosure of such information. *Amodeo II*, 71 F.3d at 1051.

## ARGUMENT

OpenX seeks to keep under seal a specific set of passages from ECF No. 1033-1 that contain OpenX's competitively sensitive business information.[1] The passages are located at:

---

[1] OpenX notes that due to confidentiality concerns for the parties and other third parties, OpenX has not been granted access to a complete and unredacted version of Defendant's filings that were made under seal. OpenX relies on representations from Defendants as to the scope of OpenX's confidential information included in the filings. To the extent additional OpenX confidential information is included in Defendants' filings but has not been shared with OpenX, OpenX respectfully requests that the Court keep that information under seal.

- Paragraphs: 210, 217

- Footnotes: 297, 360, 361, 362, 373

OpenX understands from Google's Memorandum in Support of its Motion that this information is "identified with green highlighting." *See* ECF No. 1018 at n.2. OpenX seeks to keep this information under seal because OpenX believes it would suffer substantial economic harm if the information were disclosed to the public (or its competitors). *See* Exhibit A ("Gentry Decl."). OpenX believes that the harm it would suffer outweighs the public's traditional access to judicial records, especially given OpenX's status as a nonparty to this matter that only produced materials to the parties pursuant to subpoenas issued by the Plaintiffs and Defendants in this case. OpenX only seeks to keep under seal specific portions of the filing in order to protect OpenX's confidential information while not unduly limiting the public's right to access factual and legal arguments being made by the parties in this case.

The information that OpenX seeks to keep under seal was provided to the parties in this case and designated "Highly Confidential" pursuant to the Protective Order in this case (ECF No. 685). At no time since OpenX made their productions to the parties has either party objected to OpenX's designation of this information as Highly Confidential, as permitted by the Protective Order. The information that OpenX seeks to keep under seal includes OpenX's take rate and revenue share information as well as outputs created by the parties' experts that are based on highly confidential data that OpenX produced to the parties. OpenX does not make its internal, highly confidential pricing information or data available to the public (or its competitors). Gentry Decl. at 1-2. OpenX considers the information contained in these passages its trade secrets and actively works to ensure it does not become "public knowledge or of a general knowledge" to its competitors and customers. *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 475 (1974). If the

information that OpenX seeks to keep under seal were revealed to the public, OpenX believes that it would suffer significant commercial harm. Gentry Declr. at 2-3. Specifically, OpenX believes that its competitors could take advantage of the information to convince customers to switch away from OpenX's products and customers would be able to use the information to extract more favorable commercial terms from OpenX. *Id.*

\*\*\*

For each of the reasons stated above, OpenX respectfully requests that the Court grant Defendants' Motion to Seal with respect to OpenX's Highly Confidential Information.

Dated: June 20, 2025

Respectfully Submitted,

*/s/ Brandon Kressin*

Brandon Kressin
Kressin Powers LLC
Brandon@kressinpowers.com
400 7th St. NW, Unit 300
Washington, DC 20004
Tel: 202.464.2905

*Counsel for OpenX*
