UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 1:21-md-3010 (PKC)** |

*This Document Relates To:*

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL PUBLISHER ANTITRUST LITIGATION** | **No. 1:21-cv-07034 (PKC)** |
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 1:21-cv-07001 (PKC)** |
| **ASSOCIATED NEWSPAPERS LTD. v. GOOGLE LLC** | **No. 1:21-cv-03446 (PKC)** |
| **GANNETT CO., INC. v. GOOGLE LLC** | **No. 1:23-cv-05177 (PKC)** |
| **INFORM INC. v. GOOGLE LLC** | **No. 1:23-cv-01530 (PKC)** |

**DECLARATION OF GLENN BERNTSON IN SUPPORT OF GOOGLE'S OMNIBUS RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL CONCERNING CLASS CERTIFICATION AND COLLATERAL ESTOPPEL**

I, Glenn Berntson, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.        I am a Director of Engineering at Google LLC ("Google"). I have been employed by Google since July 2012 and have held my current position since that time. Based on my work at Google, I have personal knowledge of the company's practices and procedures for maintaining the confidentiality of strategic, technical, and business information.

2.        I submit this declaration in support of Google's Omnibus Response to Plaintiffs' Motions to Seal Concerning Class Certification and Collateral Estoppel in *In re Google Digital Advertising Antitrust Litigation*, Case No. 21-MD-3010 (PKC) (S.D.N.Y.).

3.        The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or conversations with other knowledgeable employees of Google. If called upon as a witness in this action, I could and would testify competently hereto.

4.        Google follows a strict practice that requires confidential treatment of its product and customer data; internal strategic business plans; non-public financial information; and internal business analyses of customer spending, revenue, pricing, industry conditions, and opportunities. In my experience and to the best of my knowledge, in order to protect itself from competitive harm, Google takes significant precautions to ensure that this information is not made public, and does not disclose documents or information of this nature outside of the

company, with the exception of certain documents that Google shares with partners or fiduciaries, subject to further confidentiality requirements.

5.      Among other things, the disclosure of these materials could reveal highly sensitive non-public technical and business information, significantly harm Google's relationships and ability to conduct business with counterparties and prospective counterparties, and/or place Google at a disadvantage with competitors, who could use Google's confidential technical specifications or analyses to their advantage. These materials therefore have economic value from not being generally known to Google's competitors, counterparties, or the general public.

6.      To the best of my knowledge, the following information that is the subject of Google's Motion to Seal is highly sensitive and confidential, and it derives from confidential materials Google produced in discovery. Google has compelling reasons to seal this confidential information to, among other things, avoid competitive harm to both Google and third parties, avoid disclosure of confidential agreements between Google and third parties, and prevent competitors and potential business partners from using the information against Google in future negotiations.

7.      I have reviewed the materials identified below, and I believe that sealing and/or redaction of those exhibits is necessary to protect Google's trade secrets and proprietary information.

**Specific Information to Redact**

8.      I have reviewed in whole, or the relevant portions containing Google's information of, the following materials, along with Google's proposed redactions: (1), **Advertiser Class Plaintiffs' Opposition to Defendant Google LLC and Alphabet Inc.'s**

**Motion to Exclude the Expert Testimony of Dr. J. Douglas Zona and Dr. Hal Singer**, (2) **Exhibits 40 and 44 to the Joint Declaration of Dena Sharp and Tina Wolfson in Support of Advertiser Class Plaintiffs' Reply in Support of Motion for Class Certification and Opposition to Defendants' Motion to Exclude Expert Testimony** ("Sharp-Wolfson Declaration"), (3) **Exhibit 1 to the Declaration of Serina M. Vash in Support of Plaintiff Inform Inc.'s REply Memorandum of Law in Support of its Motion for Partial Summary Judgment** (4) **Exhibits 6 and 8 to the Declaration of Izaak Earnhardt in Support of Publisher Plaintiffs' Reply in Support of Their Motion for Class Certification and Opposition to Google's Motion to Exclude the Expert Testimony of Prof. Einer Elhauge** ("Earnhardt Declaration"), and (5) **Exhibits 10 and 11 to the Declaration of Eric J. Maier in Support of Plaintiffs Daily Mail and Gannett's Reply Memorandum of Law in Support of Their Motion for Partial Summary Judgment** ("Maier Declaration"). Google's proposed redactions encompass information in or derived from datasets Google produced during this litigation concerning revenue, fees, and impressions flowing through Google's products, including with regard to specific advertisers, publishers, or ad tech companies. Disclosing such granular data publicly would provide Google's competitors detailed customer data, which could harm Google's customers as well as its competitive position in the marketplace. For this reason, Google strictly maintains the confidentiality of these datasets.

9.    I have reviewed in whole, or the relevant portions containing Google's information of, the following materials, along with Google's proposed redactions: (1) **Exhibit 40 to the Sharp-Wolfson Declaration**. Google's proposed redactions reflect detailed implementation details for current proprietary product optimizations and features as well as design information for Google's internal engineering and financial systems. Disclosure of such

3

implementations would allow competitors to recreate Google's internal product features and could harm Google's competitive position in the marketplace. For this reason, Google strictly maintains the confidentiality of this competitively sensitive information.

     I declare under penalty of perjury that the foregoing is true and correct. Executed on the 12 ___ day of August, 2025, in __Stephentown, NY_____.

_Glenn Berntson_
_____